## PENROD v. BURLEY.

Ohio Appeals, 5th Dist., Perry Co.

No. 163. Decided Mar. 17, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**1105. STATUTE OF FRAUDS.**
Where employer directs merchant to furnish provisions to employe and orally agrees to pay for same, such agreement is enforcible.

Error to Common Pleas.

Judgment affirmed.

Paul Tague and Vincent Tague, New Lexington, for Penrod.

B. B. Fristoe, New Lexington, for Burley.

FULL TEXT.

LEMERT, J.

This cause comes into this Court on a Petition in Error from the Common Pleas Court of Perry County, Ohio. The suit in the court below was upon an account for groceries, praying judgment in the sum of $145.11; and the defendant for his answer to the petition denied specifically that any groceries and provisions were furnished to Harvey Smith and Charles Smith, or either of them, at the special instance and request of plaintiff in error, and denied that there was anything due the defendant in error.

This cause was tried in the Court of Common Pleas of Perry County, Ohio, to a jury, and a verdict resulted in favor of the plaintiff in the full amount prayed for, $145.11. The usual petition in error is filed but the main grounds for reversal urged in argument of counsel for plaintiff in error is that the verdict is manifestly against the weight of the evidence, and for error on the part of the court below in refusing to direct a verdict at the close of plaintiff's testimony.

The facts in this case show that Charles Smith and Harvey Smith were employed at a coal mine, known as No. 7, at Crooksville, Ohio; they were employed by the plaintiff in error, Chester A. Penrod, then acting superintendent of said mine; at the time plaintiff in error hired these two men, in order to secure for them provisions upon which to live until their first payday, the plaintiff in error went to the defendant in error, who was a merchant at Crooksville, and plaintiff in error said to defendant in error to give to Charles Smith and Harvey Smith whatever they needed while awaiting their first pay and that he, plaintiff in error, would pay for the provisions and have it paid by July 10; and that in accordance with said statement and understanding Charles Smith and Harvey Smith obtained from defendant in error groceries and provisions to the amount of $145.11. The record shows that the defendant in error several times called Penrod's attention to the bill and requested him to pay, and that plaintiff in error neither denying the bill or paying it up until August 20, 1927, defendant in error commenced action against plaintiff in error to recover said amount.

The agreement or promise to pay on the part of plaintiff in error is found on pages 3 and 4 of the Bill of Exceptions, and we find that this agreement was a direct promise on the part of plaintiff in error to pay for the goods and provisions sued upon in plaintiff's petition, and

that defendant in error, relying upon that promise, furnished groceries and provisions.

Plaintiff in error cites General Code, Section 8621, a section of the Statute of Frauds, which we think has no application in this case.

"When the leading object of the promisor is, not to answer for another, but to subserve some pecuniary or business purpose of his own, involving a benefit to himself, or damage to the other contracting party, his promise is not within the statute of frauds, although it may be in form a promise to pay the debt of another and its performance may incidentally have the effect of extinguishing that liability."

Another leading case on this subject is Cincinnati Traction Company vs. Cole, 258 Federal, 169, third syllabus:

"Notwithstanding the Statute of Frauds, General Code, 8621, that no action shall be brought on a promise to answer for the debt, default or miscarriage of another, unless the agreement was in writing, etc., an oral promise to answer for the debt or default of another, is enforcible where the leading object of the promissor was, not to answer for the debt of another, but to subserve some pecuniary or business purpose of his own."

Therefore, finding that there was a direct promise on the part of plaintiff in error to pay, and that the Statute of Frauds does not apply in this case, we find that the court below committed no error in refusing to direct a verdict at the close of plaintiff's testimony, and that the verdict in this case is not manifestly against the weight of the evidence.

So finding, the verdict and the judgment in the court below will be and the same is hereby affirmed. Exceptions.

Lemert, Shields, and Houck, JJ., concur.